J-E03009-15

2016 PA Super 59

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| THOMAS DANTZLER | |
| Appellee | No. 681 EDA 2014 |

Appeal from the Order January 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008351-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
SHOGAN, J., LAZARUS, J., OTT, J., STABILE, J., and JENKINS, J.

CONCURRING OPINION BY LAZARUS, J.:          **FILED MARCH 09, 2016**

While I join the majority, I write separately to note my view that, in general, this Court should exercise caution in reversing a trial court's decision regarding a pre-trial *habeas corpus* matter.  This caution is particularly warranted in cases, like the one at bar, where the facts present a close case such that reasonable minds could differ in the result.

Whether the Commonwealth has presented sufficient evidence to establish a *prima facie* case for a charged crime is a question of law.  ***Commonwealth v. Karetny***, 880 A.2d 505, 513 (Pa. 2005).  Therefore, an appellate court's review of a pre-trial *habeas corpus* motion is plenary.  ***Id*.**  Although we are not bound by the legal determinations of the trial court, I remain mindful that the trial court will often be in an advantageous position at a pre-trial hearing to assess the evidence presented and the reasonable inferences to be drawn from it.

At the pre-trial stage, the evidentiary burden on the Commonwealth to defeat a *habeas corpus* motion is relatively modest. "To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." ***Commonwealth v. Carroll***, 936 A.2d 1148, 1152 (Pa. Super. 2007). Regarding the burden of proof, this Court has noted:

> Proof beyond a reasonable doubt is not required at the *habeas* stage, but the Commonwealth's evidence must be such that, if accepted as true, it would justify a trial court in submitting the case to a jury. Additionally, in the course of deciding a *habeas* petition, a court must view the evidence and its **reasonable inferences** in the light most favorable to the Commonwealth. **Suspicion and conjecture, however, are unacceptable**.

***Id.*** (emphasis added) (citation omitted). Clearly, rational minds can disagree as to whether an inference is reasonable or merely speculative. In the balance, due weight should be given to the trial court's evaluation of the factual circumstances.

From my review of the record, I agree with the majority that the Commonwealth has met the minimal burden imposed on it to overcome a pre-trial *habeas corpus* motion. Notwithstanding this, I emphasize that the evidence of record, and the inferences derived therefrom, undoubtedly makes this case a close call.

It is with these views in mind that I concur with the majority.

Judge Ott and Judge Jenkins Join this Concurring Opinion.